# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CR-00119-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| PAUL DURFEE, | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court upon Defendant Paul Durfee's Motion to Modify Conditions of Supervised Release. (Doc. No. 22). Upon review by the Court, this Motion is GRANTED in the manner described below as consented to by the Government.

In his Motion, Defendant asks the Court to amend the Judgment in a Criminal Case against him, (Doc. No. 19) to remove the requirement that Defendant return to the Western District of North Carolina to register as a sex offender if he is released by the Bureau of Prisons ("BOP") into another district. Alternatively, Defendant asks that this Court issue an order reflecting that he has made a good faith attempt to comply with this condition of supervised release and that he need not return to the Western District if he is residing in another jurisdiction when he is released from BOP. Defendant also seeks any additional relief that the Court finds proper. In its "Response to . . . Defendant's Motion to Modify Conditions of Supervised Release," (Doc. No. 23), the Government consents to a modification of the conditions of supervised release, and suggests that the court amend the Judgment to read as follows: "For purposes of initial registration, the defendant shall register in the jurisdiction of conviction if he intends to live, work or go to school in that jurisdiction upon his release f[rom] prison." (Doc.

No. 23). Alternatively, the Government suggests that the Court generally and broadly order that, for purposes of initial registration, Defendant comply with the requirements of the Sex Offender Registration and Notification Act. The Government also specifically asks that the Court not amend other language in the Judgment that orders Defendant to register anywhere he resides, works, and goes to school.

Having reviewed the parties' submissions, the Court hereby GRANTS Defendant's Motion in the manner below as consented to by the Government. Defendant shall not be required to register in his jurisdiction of conviction if he is released into another jurisdiction and does not intend to reside, work, or study in his jurisdiction of conviction. In the Judgment, under "Sex Offender Standard Conditions of Supervision," paragraph 6 currently reads:

> The defendant shall register as a sex offender and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(Doc. No. 19, p. 7). This language is hereby changed to read:

> The defendant shall register as a sex offender and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For purposes of initial registration, the defendant shall register in the jurisdiction of conviction if he intends to live, work or go to school in that jurisdiction upon his release from prison.

All other portions of the Judgment and all other requirements imposed by the Judgment remain unchanged. The Court finds no grounds to grant any other relief to Defendant.

For the above reasons, Defendant's Motion is hereby GRANTED in the manner described above as consented to by the Government.

IT IS SO ORDERED.

Signed: June 20, 2013

Frank D. Whitney
Chief United States District Judge

2